NOT FOR PUBLICATION WITHOUT THE
 APPROVAL OF THE APPELLATE DIVISION
 This opinion shall not "constitute precedent or be binding upon any court."
 Although it is posted on the internet, this opinion is binding only on the
 parties in the case and its use in other cases is limited. R. 1:36-3.

 SUPERIOR COURT OF NEW JERSEY
 APPELLATE DIVISION
 DOCKET NO. A-4966-15T2

L.C.,

 Plaintiff-Respondent,

v.

D.C.,

 Defendant-Appellant.
————————————————————————————————

 Submitted October 17, 2017 – Decided November 6, 2017

 Before Judges Hoffman and Gilson.

 On appeal from Superior Court of New Jersey,
 Chancery Division, Family Part, Morris County,
 Docket No. FM-14-0109-05.

 Legal Services of Northwest Jersey, attorneys
 for appellant (Constance Kresge Stickle, on
 the briefs).

 McGlone McGlone & Belardinelli, attorneys for
 respondent (Marianne J. McGlone, on the
 brief).

PER CURIAM
 Defendant D.C. appeals from the June 7, 2016 Family Part

order1 denying reconsideration of the court's February 10, 2016

order, which denied without prejudice defendant's motion to reduce

his alimony and child support payments. We affirm.

 The parties married in 1986 and divorced in 2005. They have

two daughters, one born in 1994 and one born in 1998. At the time

of their divorce, the parties entered into a property settlement

agreement (PSA), which the court incorporated into their final

judgment of divorce. When the parties entered into the PSA,

defendant owned and operated his own business. In the PSA,

defendant agreed to pay plaintiff permanent alimony "in the amount

of $187,500 per annum payable in [twenty-four] equal monthly

installments of $7,812.50 . . . ." Defendant also agreed to pay

plaintiff $2083 twice a month for child support.

1
 While defendant's notice of appeal lists both orders, only the
June 7, 2016 order denying reconsideration properly appears before
us. Defendant filed his notice of appeal on July 19, 2016 seeking
to appeal the February 10, 2016 and June 7, 2016 orders. Nineteen
days expired between the issuance of the February 10, 2016 order
and defendant's motion for reconsideration. The time for appeal
tolled while the reconsideration motion remained pending. The
trial court denied the reconsideration motion on June 7, 2016, but
defendant did not file his notice of appeal until July 19, 2016 —
forty-one days later. Thus, defendant timely filed an appeal only
from the June 7, 2016 order denying reconsideration. See R. 2:4-
1; see also R. 2:4-3. Accordingly, we limit our review to the
June 7, 2016 order.

 2 A-4966-15T2
 Following the parties' divorce, defendant filed numerous

motions to suspend or reduce his alimony and child support

payments, alleging changed circumstances based on a drastic

decline in his income. Plaintiff opposed these motions. In a

series of orders entered since 2007, the Family Part at times

granted defendant temporary relief, but never found that defendant

proved a substantial change of circumstances to warrant any

permanent reduction in his support obligations.

 On December 7, 2007, the Family Part entered an order

directing defendant to resume paying his support obligations in

accordance with the PSA, citing his failure to demonstrate a change

of circumstances. Defendant appealed that order and we affirmed.

L.C. v. D.C, No. A-2480-07 (App. Div. Jan. 5, 2009).

 On June 18, 2010, the Family Part denied defendant's motion

to reduce his support obligations without prejudice. Thereafter,

the parties entered into a consent order on November 16, 2011,

providing defendant some temporary relief and directing the

parties to engage in mediation. The mediation proved unsuccessful.

 This appeal arises from a motion defendant filed in January

2016, again seeking to reduce his child support and alimony

obligations. On February 5, 2016, the Family Part entered an

order denying that application without prejudice. The court

entered an amended order on February 10, 2016.

 3 A-4966-15T2
 On February 29, 2016, defendant filed a motion for

reconsideration. Following oral argument, the court entered an

order denying that motion without prejudice on June 7, 2016.

Defendant then filed a timely appeal of the Family Part's June 7,

2016 order denying reconsideration.

 On this appeal, defendant makes five arguments, contending:

(1) he made a prima facie showing of changed circumstances in 2010

and 2011; (2) he suffers from mental illnesses warranting a stay

of enforcement; (3) the Family Part erred in requiring him to make

an equitable distribution payment that had been "abandoned"; (4)

the trial court erred in awarding counsel fees; and (5) the trial

court failed to appreciate plaintiff's co-habitation with her

alleged fiancé.

 Ignoring defendant's failure to present any meritorious

arguments regarding the reconsideration order under review,

plaintiff counters that defendant last paid support over ten years

ago, his alimony and child support arrears exceed $1.2 million,

and he owes her over $600,000 in equitable distribution. She

contends that defendant's change in circumstances arguments are

fabricated. She alleges defendant hid his assets in his father's

company, which offers services identical to that of defendant's

now bankrupt business. Further, she argues defendant, whose mental

illness predated the marriage, exaggerates his symptoms and lies

 4 A-4966-15T2
about his inability to work. Finally, she disputes defendant's

cohabitation allegations.

 Reconsideration is a matter within the sound discretion of

the trial court, and we review for abuse of discretion. See

Palombi v. Palombi, 414 N.J. Super. 274, 288-89 (App. Div. 2010).

"Motions for reconsideration are granted only under very narrow

circumstances . . . ." Fusco v. Bd. of Educ. of Newark, 349 N.J.

Super. 455, 462 (App. Div.), certif. denied, 174 N.J. 544 (2002).

As such, reconsideration should be used only for those cases where

"either (1) the Court has expressed its decision based upon a

palpably incorrect or irrational basis, or (2) it is obvious that

the Court either did not consider, or failed to appreciate the

significance of probative, competent evidence." Ibid. (quoting

D'Atria v. D'Atria, 242 N.J.Super. 392, 401 (Ch. Div. 1990)); see

R. 4:49-2.

 Defendant's arguments on appeal mirror those presented to the

motion judge in his original motion and reconsideration motion.

From our review, the record lacks any evidence the judge based his

decision upon a palpably incorrect or irrational basis or failed

to consider probative, competent evidence. Accordingly, we

 5 A-4966-15T2
conclude defendant failed to demonstrate the motion judge abused

his discretion in denying the motion for reconsideration.2

 Affirmed.

2
 We note, however, this affirmance does not preclude defendant
from filing a future motion in the Family Part demonstrating a
change of circumstances. In both the February 5, 2016 motion, and
the motion under review, the judge denied defendant's motions
"without prejudice."

 6 A-4966-15T2